# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>PEOPLE OF THE VIRGIN ISLANDS,<br><br>v.<br><br>JAHEEM BENJAMIN,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   **Criminal Action No. 2017-0010**<br>)<br>)<br>)<br>) |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
   *For the Government*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Jaheem Benjamin's ("Benjamin") "Motion to Dismiss" (Dkt. No. 26); the Government's Opposition thereto (Dkt. No. 33); Benjamin's Reply to the Government's Opposition (Dkt. No. 36); and the oral arguments presented by the parties at a hearing before the Court. For the reasons set forth below, the Court will deny Benjamin's Motion to Dismiss.

### I.    BACKGROUND

On March 7, 2017, the Government filed an Amended Information against Benjamin charging him with the following: (1) Manufacture of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (2) Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and; (3) Illegal Use of Utility Equipment, in violation of

14 V.I.C. §§ 1263(b) and (3). (Dkt. No. 12).[1]

By way of background, the Government alleges as follows. On February 14, 2017, members of the Drug Enforcement Agency St. Croix Resident Office received an anonymous tip of a marijuana growth operation at a residence located at 92 Upper Love, Fredriksted, St. Croix. Officers traveled to the residence, encountered Benjamin, and explained to him that they were there to investigate marijuana being grown on the property. The officers requested consent from Benjamin to conduct a search. Benjamin allegedly consented and led officers to a shed behind the residence. Upon completing their search, officers seized 137 marijuana plants in various stages of growth, as well as marijuana cultivation equipment such as grow lights, ballasts, and several growing pots. Officers also seized a small quantity of processed marijuana from Benjamin's residence.

In the instant motion, Benjamin argues that dismissal of the charges against him is warranted because his rights under the Equal Protection Clause of the Fifth Amendment have been violated. (Dkt. No. 26 at 1). Benjamin contends that "[r]esidents of the Virgin Islands who grow marijuana are treated differently by federal prosecutors than similarly-situated marijuana growers who ply the same trade in states that have legalized the cultivation and sale of marijuana," and that such disparate treatment, i.e., "the essence of [] selective prosecution," renders his prosecution "illegal." *Id.*[2]

Benjamin's selective prosecution claim rests, in part, on his argument that the

---

[1] Prior to the Amended Information, the Government initiated this action against Benjamin by filing a criminal complaint on February 14, 2017. (Dkt. No. 1).

[2] Marijuana is not legalized in the United States Virgin Islands ("Virgin Islands"). However, in December 2014, the Virgin Islands decriminalized the possession of one ounce or less of marijuana. 19 V.I.C. § 607a.

Government's response to the legalization of marijuana by some states has effectively created a two-tiered system of justice for defendants charged with marijuana offenses—one that arbitrarily depends on a defendant's residency. Benjamin compares himself to Christian Hageseth—a resident of the state of Colorado where marijuana has been legalized—who operates a business that grows and sells marijuana for profit. *Id.* at 2-5. According to Benjamin, "[i]t is uncontroverted that when it comes to marijuana, the 'executive branch has decided to enforce its laws against some individuals and not against others—the essence of selective prosecution—depending on where one resides . . . . [] Benjamin, who lives in St. Croix, finds himself under federal pre-trial supervision, while [] [a] Colorado marijuana dealer [is not]. This is a textbook example of a 'selective prosecution.'" *Id*. at 6 (quoting *United States v. Guess*, 216 F. Supp. 3d 689, 696 (E.D. Va. 2016)).

According to Benjamin, "marijuana cultivators in states that have legalized the drug . . . can operate with *de facto* immunity [from federal prosecution]," particularly due to the dictates of the "2013 Cole Memo" and the "Rohrabacher-Farr Amendment." *Id*. at 13. The 2013 Cole Memo states that as long as marijuana growers operating in a state which has legalized marijuana adhere to state law and do not implicate one of the eight enforcement priorities of the federal government, they would not be a focus of the Department of Justice's ("DOJ") prosecutorial resources.[3]

---

[3] The eight enforcement priority areas for the federal government are the prevention of the following: (1) distribution of cannabis to minors; (2) allowing cannabis revenue to fund criminal enterprises, gangs or cartels; (3) allowing cannabis to move out of states where it is legal; (4) use of state-legal cannabis sales as a cover for illegal activity; (5) violence and use of firearms in growing or distributing cannabis; (6) drugged driving or exacerbation of other adverse public health consequences associated with cannabis use; (7) growing cannabis on public lands; and (8) cannabis possession or use on federal property (national parks, government property, etc.). Memorandum from James M. Cole, Deputy Attorney General, U.S. Department of Justice, to all United States Attorneys (Aug. 29, 2013) ("2013 Cole Memo"), *available at* https://www.justice.gov/iso/opa/resources/3052013829132756857467.pdf.

Meanwhile, the Rohrabacher-Farr Amendment is legislation which prohibits the use of DOJ funds "to prevent [] states from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana."[4] Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113–235, 128 Stat. 2130 (2015). According to Benjamin, coupling the Rohrabacher-Farr Amendment with the 2013 Cole Memo results in an "effect [that] is blatantly discriminatory" towards marijuana growers in the Virgin Islands, because while the latter remain subject to federal prosecution, marijuana growers in states which have legalized marijuana—for either medical or recreational purposes—can escape such prosecution. *Id*. at 14.[5]

Ultimately, however, a major thrust of Benjamin's claim for selective prosecution is his argument that, because the Virgin Islands is prevented from ever legalizing marijuana, his prosecution violates the Fifth Amendment. *Id*. at 14-19. To support this argument, Benjamin contends that because the Revised Organic Act of 1954 ("Revised Organic Act")[6] "expressly prohibits" the Virgin Islands from passing any law that would conflict with any federal law, the territory is "beholden to Congress in ways its state counterparts are not," as it is "essentially forced to comply with federal law in a way that the fifty (50) states do not." *Id*. at 14-16.[7] Benjamin

---

[4] The CSA establishes federal drug policy under which the manufacture, importation, possession, use, and distribution of certain substances—including marijuana—is regulated. 21 U.S.C. § 812.

[5] The Government's suggestion that the 2013 Cole Memo was "implicitly rescinded" by a "2017 Sessions Memo" (Dkt. No. 33 at 6), does not affect the Court's ruling herein, and thus will not be addressed.

[6] The Revised Organic Act, among other things, extends certain fundamental rights under the U.S. Constitution to the people of the Virgin Islands and functions as a *de facto* constitution for the territory. 48 U.S.C. § 1541, *et. seq.*

[7] The Revised Organic Act provides in pertinent part: "[T]he [Virgin Islands] legislature shall have power . . . to enact new laws not inconsistent with any law of the United States applicable to the Virgin Islands, subject to the power of Congress to annul any such Act of the legislature." Revised Organic Act of 1954, § 8.

therefore maintains that, unlike residents in states who have the opportunity to petition their state governments to establish a regulated marijuana industry, residents of the Virgin Islands, like Benjamin, "can *never* join the class of individuals exempt from prosecution for marijuana cultivation because [they are] categorically ineligible to follow the DOJ's requirement that [they] comply with state laws and regulations concerning the cultivation of marijuana[.]" *Id*. at 18 (internal citation and quotation marks omitted) (emphasis in original).[8] Accordingly, Benjamin claims that he and marijuana growers residing in the Virgin Islands "are forever subject to unlawful disparate treatment at the hands of federal prosecutors." (Dkt. No. 36 at 1).

The Government contends that Benjamin's selective prosecution claim is without merit because his "prosecution is not made with a discriminatory purpose nor improper motive." (Dkt. No. 33 at 3). In support of its position in this regard, the Government argues, *inter alia*, that Benjamin is not similarly situated to marijuana growers in states like Colorado, where marijuana has been legalized; rather, his comparators would be individuals who live in states that have not legalized marijuana, but who have not been prosecuted. *Id*. at 4-6. The Government further argues that Benjamin cannot "prove that he is being prosecuted on any constitutionally protected ground," but that Benjamin's prosecution is "solely motivated by the strong evidence that [he] violated federal law by growing marijuana." *Id*. at 3. Accordingly, the Government asserts that the Motion to Dismiss should be denied.

---

[8] In further support of his argument, Benjamin posits, for example, that even if the Government's allegations were true in this case, he would be in compliance with the dictates of the 2013 Cole Memo—which would immunize him from federal prosecution if not for the fact that he resided in the Virgin Islands. (Dkt. No. 26 at 19). In view of the Court's ruling herein, the Court need not reach that issue.

5

## II. APPLICABLE LEGAL PRINCIPLES

In *United States v. Armstrong*, the Supreme Court stated that the Attorney General and U.S. Attorneys "retain broad discretion to enforce the [n]ation's criminal laws," since "they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to take care that the [l]aws be faithfully executed." 517 U.S. 456, 464 (1996) (internal citations and quotation marks omitted). Thus, a "presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id.* (internal citation and quotation marks omitted); *United States v. Gist*, 382 F. App'x 181, 183 (3d Cir. 2010) ("Prosecutors are presumed not to violate equal protection, and a defendant can rebut this presumption only by 'clear evidence to the contrary.'") (citing *Armstrong*, 517 U.S. at 465). Further, "'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Armstrong*, 517 U.S. at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)); *see also United States v. Torquato*, 602 F.2d 564, 569 (3d Cir. 1979) (finding that there exists for the government a "presumption that 'a prosecution for violation of a criminal law is undertaken in good faith and in nondiscriminatory fashion for the purpose of fulfilling a duty to bring violators to justice.'") (quoting *United States v. Falk*, 479 F.2d 616, 620 (7th Cir. 1973) (en banc)).

However, prosecutorial discretion remains subject to constitutional constraints imposed by the Equal Protection component of the Due Process Clause of the Fifth Amendment, which requires that "the decision to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Armstrong*, 517 U.S. at 464 (quoting *Oyler v.*

*Boles*, 368 U.S. 448, 456 (1962)); *see also Gist*, 382 F. App'x at 183; *United States v. Minerd*, 182 F. Supp. 2d 459, 461-62 (W.D. Pa. 2002) ("Prosecutorial discretion, of course, is subject to constitutional constraints.") (internal citation and quotation marks omitted). Thus, "[i]n considering a claim of selective prosecution, the [Third Circuit] stated that although the government is permitted the conscious exercise of some selectivity in the enforcement of its criminal laws . . . any systematic discrimination in enforcement . . . or unjust and illegal discrimination between persons in similar circumstances . . . violates the equal protection clause and renders the prosecution invalid." *Torquato*, 602 F.2d at 568-69 (internal citations and quotation marks omitted).

A prosecution is unconstitutionally selective when "the federal prosecutorial policy had a discriminatory effect and [] was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465; *United States v. Schoolcraft,* 879 F.2d 64, 68 (3d Cir. 1989) ("A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive."). Thus, to establish a claim of selective prosecution, a defendant must prove two elements. First, a defendant must provide evidence of discriminatory effect by showing "that persons similarly situated have not been prosecuted." *Id.*; *United States v. Vega*, 317 F. Supp. 2d 599, 603 (D.V.I. 2004) ("Disparate treatment occurs when others similarly situated are not prosecuted."). Second, a defendant must provide evidence that the decision to prosecute embodied an improper motive, wherein the prosecution was "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* ("To demonstrate selective prosecution, a defendant must show that he or she received disparate treatment and that the prosecution was improperly motivated.") (citing *Wayte v. United States*, 470 U.S. 598, 608 (1985)). "Arbitrary classification" includes instances where "the prosecution was intended to

7

prevent [a defendant's] exercise of a fundamental right." *Schoolcraft,* 879 F.2d at 68. The burden of proving such discrimination is placed upon the defendant. *See United States v. Malinowski*, 472 F.2d 850, 860 (3d Cir. 1973).

### III. DISCUSSION

In his Motion to Dismiss, Benjamin alleges that he is being "unfairly selected for federal prosecution." (Dkt. No. 26 at 5). To show that the Government's federal marijuana prosecution has a discriminatory effect, Benjamin compares himself to a commercial marijuana grower in Colorado, claiming that this individual and others like him are similarly situated to Benjamin but, unlike him, they have not been prosecuted by the federal government despite possessing similar, if not more, amounts of marijuana than what is being attributed to Benjamin here. *Id*. at 2-5.

The Court finds that Benjamin has failed to satisfy the first element needed to establish a selective prosecution claim, i.e., to demonstrate discriminatory effect by showing "that persons similarly situated have not been prosecuted." *Schoolcraft,* 879 F.2d at 68. Marijuana growers residing in states like Colorado are not similarly situated to Benjamin because they live in a state where marijuana is legalized under state law. In contrast, Benjamin lives in a territory where marijuana is not legalized under local law. Thus, federal policy regarding prosecutions of marijuana growers in Colorado does not provide an appropriate comparison for purposes of an Equal Protection claim. Rather, the relevant comparison for Benjamin would be with marijuana growers who reside in states where marijuana is not legalized under state law. Benjamin would have to establish that such individuals, unlike him, have *not* been prosecuted, notwithstanding circumstances similar to his. *Id*.; *United States v. Washington*, 869 F.3d 193, 214 (3d Cir. 2017), *cert. denied,* 138 S. Ct. 713, 199 L. Ed. 2d 582 (2018) (finding that a defendant asserting selective prosecution or selective enforcement "must provide 'clear evidence' of discriminatory effect and

8

discriminatory intent . . . Meeting this standard generally requires evidence that similarly situated individuals of different race or classification were not prosecuted, arrested, or otherwise investigated."); *Vega*, 317 F. Supp. 2d at 603 n.3 ("Disparate treatment occurs when others similarly situated are not prosecuted.").[9] Because Benjamin has not provided "clear evidence" that similarly situated persons were not prosecuted, the Court concludes that Benjamin has failed to prove discriminatory effect. *See Morris v. Verniero*, 453 F. App'x 243, 246 (3d Cir. 2011) (finding defendant's selective prosecution claim fails because defendant, who was African-American and who claimed racial profiling, did not produce evidence to show that similarly situated individuals of a different race were not prosecuted). Accordingly, Benjamin's selective prosecution claim fails.

The Court's conclusion in this regard is not affected by Benjamin's contention that he is denied equal protection by the Virgin Islands' inability to choose to legalize marijuana. (Dkt. No. 26 at 14-19). Any inability that the Virgin Islands may have in that regard—based on the provision in the Revised Organic Act that empowers the Legislature to enact laws "not inconsistent with any law of the United States applicable to the Virgin Islands . . . " Revised Organic Act of 1954, § 8—is grounded in the Virgin Islands' status as an unincorporated territory of the United States subject to the power of Congress under the Territorial Clause of the U.S. Constitution. U.S. CONST. art. IV, § 3.[10] Indeed, Benjamin himself concedes that the Virgin Islands has a "unique status as a

---

[9] *See also United States v. White*, 2016 WL 4473803, at *4 (W.D. Mo. Aug. 23, 2016) ("For the purposes of a selective prosecution claim, the term similarly situated means that a person is engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant, where the prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan, and where the evidence was as strong or stronger than that against the defendant.") (internal citation and quotation marks omitted).

[10] The Territorial Clause, found in Article IV of the U.S. Constitution, states that "[t]he Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. CONST. art. IV, § 3. Meanwhile—

territory." (Dkt. No. 26 at 20). Thus, although unlike the states, the Virgin Islands is subject to the Revised Organic Act's limitation of legislative powers to the enactment of laws that are not inconsistent with federal laws—e.g., the CSA—such a difference between the Virgin Islands and the states remains valid under current law.

While Benjamin's inability to establish discriminatory effect is sufficient to deny his claim of selective prosecution, Benjamin also fails to satisfy the second element necessary for a selective prosecution claim, i.e., establishing that the Government acted with "improper motive." "The mere fact that similarly situated parties are treated differently does not by itself establish malice . . . [r]ather, a plaintiff must show that a defendant acted with a malicious or bad faith intent to cause harm." *Goodfellas, Inc. v. Dunkel*, 2016 WL 6599977, at *9 (M.D. Pa. Nov. 8, 2016) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 684 (2d Cir. 1995) and *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). No such improper motive has been established here as there has been no showing that Benjamin's prosecution is based on "an unjustifiable standard such as race [or] religion," *Armstrong*, 517 U.S. at 464, or that he is being prosecuted to "prevent [his] exercise of a fundamental right." *Schoolcraft,* 879 F.2d at 68.[11]

---

illustrative of the types of differences between the Virgin Islands and the states that have been sanctioned—a series of Supreme Court decisions known as the Insular Cases established "the doctrine of territorial incorporation, under which the Constitution applies in full in incorporated Territories surely destined for statehood but only in part in unincorporated Territories." *Goodwin v. U.S. Fed. Election Comm'n*, 2012 WL 4009903, at *5 (D.V.I. Sept. 5, 2012) (quoting *Boumediene v. Bush,* 553 U.S. 723, 726 (2008)); *see also Ballentine v. United States*, 486 F.3d 806, 813 (3d Cir. 2007) (affirming the precedential value established by the *Insular Cases*, which "articulate the Constitution's limits on the government's ability to intrude in the lives of its citizens, depending on the physical location of those citizens.").

[11] The Court finds no merit in Benjamin's argument that his selective prosecution claim rests on an impermissible "arbitrary classification," i.e., his residence. (Dkt. No. 26 at 6). Again relying on the argument regarding the inability of the Virgin Islands to choose to legalize marijuana, Benjamin maintains that if it were not for where he lived, he would not be prosecuted. This argument is unpersuasive in this context because Benjamin's residence is an unincorporated territory of the United States where the U.S. Constitution, via the Territorial Clause, grants

Courts have also found that a defendant's reliance on DOJ policies, such as the 2013 Cole Memo, to serve as evidence of the Government's selective prosecution of marijuana offenders "do[es] not satisfy [a] [d]efendant's burden of showing an impermissible motive by the Government," because they do not evince a discriminatory purpose but simply reflect the "list of priorities that the DOJ have provided to guide the Department's enforcement of the CSA against marijuana-related conduct." *White*, 2016 WL 4473803 at *4 (listing cases); *see also United States v. Vawter*, 2014 WL 5438382, at *8 (W.D. Mo. Oct. 24, 2014) (finding that defendant fails to show discriminatory purpose because such DOJ memoranda articulating enforcement policies relating to prosecution of marijuana offenders are "a rational exercise of prosecutorial discretion, and which the Court is not competent to address."); *United States v. Taylor*, 2014 WL 12676320, at *6 (W.D. Mich. Sept. 8, 2014) (finding that defendants' selective prosecution claim failed as "over read[ing] the [DOJ's] policy statements" because, contrary to defendant's contention that such statements evinced a DOJ policy to forego prosecution of marijuana distributors in legalized states, these statements are "simply [] a new array of considerations [for prosecutors] to consider in making choices about how to proceed" and prioritize cases to prosecute because "the federal government cannot possibly prosecute all criminal marijuana activity, let alone all criminal drug activity."). Benjamin's reliance on such policies fares no better here.[12]

---

Congress the authority to "make all needful Rules and Regulations respecting the Territory." U.S. CONST., art. IV, § 3. In turn, the U.S. Congress, via the Revised Organic Act, provides for differences between the Virgin Islands and the states in certain respects. *See supra* at 9-10.

[12] Benjamin's reliance on *United States v. Guess* is also unavailing. (Dkt. No. 26 at 6, 14). There, unlike here, the question before the Court was "not whether possession of marijuana is a crime for which one can be federally prosecuted in Virginia, but whether [d]efendant violated the conditions of his supervised release," *Guess*, 216 F. Supp. 3d at 697-98, which the court ultimately answered in the affirmative. Moreover, while admittedly the court, in *dicta*, described the federal prosecutorial policy between legalized and non-legalized states as "at least to a degree, undoubtedly and strikingly similar to the effect of selective prosecution[,]" with the difference

In view of the foregoing, Benjamin has failed to establish either discriminatory effect or improper motive—both of which are necessary for a claim of selective prosecution.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Benjamin has failed to establish a selective prosecution claim in violation of his rights under the Fifth Amendment's Equal Protection Clause. Accordingly, the Court will deny Benjamin's Motion to Dismiss.

An appropriate Order accompanies this Memorandum Opinion.

Date: December 30, 2018  _____/s/_____
WILMA A. LEWIS
Chief Judge

---

"based on what is arguably a relatively arbitrary classification: which state one resides in," 216 F. Supp. 3d at 696, the court also went on to say:
> Th[e] Court does not purport to suggest that prosecution of marijuana possession in this District is the result of a discriminatory purpose akin to that outlined in *Armstrong*, such as race or religion. Furthermore [] . . . *this Court does not second-guess the ability of [the] DOJ to prosecute marijuana offenses pursuant to federal law, under which possession, cultivation, and distribution remain illegal*.

*Id*. (emphasis added).